# IN THE COURT OF APPEALS OF IOWA

No. 24-1050
Filed December 18, 2024

**IN THE INTEREST OF D.R. and T.R.,**
**Minor Children,**

**S.T., Mother,**
        Appellant,

**P.R., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Emily Dean, Judge.

Parents separately appeal the termination of their parental rights.

**AFFIRMED ON BOTH APPEALS.**

Ryan D. Gerling of Cray Law Firm, PLC, Burlington, for appellant mother.

Patrick C. Brau of Brau Law Office, Mt. Pleasant, for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Heidi D. Van Winkle, Burlington, attorney and guardian ad litem for minor children.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

A mother and father separately appeal the termination of their parental rights to their twin sons, born in 2022, under Iowa Code section 232.116(1)(g) and (h) (2024).[1]  They each purport to challenge a statutory ground for termination and whether termination was in the children's best interest.  The father also claims that he should have been granted "a six month extension for permanency pursuant to Iowa Code [s]ection 232.104."

Before turning to these claims, we address a jurisdictional issue submitted with the appeal.  Both parents timely filed their notices of appeal, but their petitions on appeal were filed one day late.[2]  As a result, the supreme court directed the mother and father to "file statements . . . explaining why his or her appeal should not be dismissed."  The mother's statement explained that after the notice of appeal was filed, her attorney realized it "was defective due to its failure to contain an appropriate certificate of service" under rule 6.102(1)(a).  So counsel filed an amended notice of appeal the next day—still within the deadline for appealing the ruling—and calculated the deadline for filing the petition on appeal from that date. The father's attorney also used that date to calculate his deadline.

The supreme court has developed an avenue for a delayed appeal in termination cases, which is proper only where (1) "the parent clearly intended to

---

[1] Although genetic testing excluded the father as a biological parent of the twins, he is listed as their father on their birth certificates.  *See* Iowa Code §§ 232.2(45) (defining parent); 252A.3 (listing methods for establishing paternity).
[2] The termination ruling was entered on June 13, 2024, and the notices of appeal were filed on June 26, 2024.  *See* Iowa R. App. 6.101(1)(a).  But the petitions on appeal were not filed until July 12, 2024.  *See* Iowa Rs. App. P. 6.201(1)(b), 6.201(3).

appeal," (2) the "failure to timely perfect the appeal was outside of the parent's control," and (3) the delay was "no more than negligible." *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021) (citation omitted). We find all three requirements are met for both parents and grant their delayed appeals.[3] *See In re T.F.*, 972 N.W.2d 1, 7–8 (Iowa 2022) (granting a delayed appeal where the father's notice of appeal was one day late due to miscalculation of deadline by counsel). But that does not save the parents from other appellate rules and standards for petitions on appeal in child-welfare cases, as argued by the State in a motion to dismiss that was also submitted with this appeal.[4]

The mother's petition on appeal raises one issue: "Whether there was clear and convincing evidence that the children could not be returned to the children's parent [and] that termination was in the children's best interest." The only legal authorities cited by the mother under that issue heading are the broadly applicable code sections. *See* Iowa Rs. App. P. 6.1401–Form 5 (directing parents to "*[i]nclude supporting legal authority for each issue raised*"), 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401"). And while

---

[3] As a result, we need not reach the mother's argument that filing an amended notice of appeal tolled the fifteen-day deadline to file a petition under rule 6.201(1)(b).

[4] While Iowa Rule of Appellate Procedure 6.1006(1)(a)(1) allows motions to dismiss for an appellant's failure "to substantially comply with the appellate rules," such motions "should be used sparingly" outside of instances "in which the court allegedly lacks jurisdiction or authority over the case." Iowa R. App. P. 6.1006(1)(a)(5); *see also* Iowa R. App. P. 6.1006(1)(a)(6). Although we find the parents' claims have been waived, we deny the State's motion to dismiss under rule 6.1006(1)(a). Given our ability to bypass waiver concerns on appeal, we urge the State to file a response to the petition on appeal under rule 6.202(1) in the future. *See, e.g.*, *In re J.M. Jr.*, No. 07-2040, 2008 WL 375574, at *2 (Iowa Ct. App. Feb. 13, 2008); *In re N.S.*, No. 24-0750, 2024 WL 3290380, at *1 (Iowa Ct. App. July 3, 2024).

the mother copied-and-pasted the juvenile court's findings of fact and conclusions of law that she disagrees with, the mother did not explain *why* she disagrees with them. *See* Iowa R. App. P. 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree *and why*. . . ." (emphasis added)). The father's similarly styled petition on appeal suffers from the same deficiencies.

Even if we disregarded these deficiencies, the parents' issue headings implicate only one of the grounds for termination—Iowa Code section 232.116(1)(h)—with no mention of the other ground.[5] They have accordingly waived any challenge to termination under section 232.116(1)(g). *See In re G.N.*, No. 20-1128, 2020 WL 7022388, at *1 (Iowa Ct. App. Nov. 30, 2020) (affirming based on unchallenged statutory grounds and collecting cases doing the same); *see also In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (declining to analyze statutory grounds not challenged by parent on appeal). As for the other claims in their issue headings, neither parent addressed the statutory best-interest factors or, as discussed above, pointed to any facts in the record supporting their generalized claims. *See In re K.C.-P.*, No. 23-1730, 2024 WL 260829, at *1 (Iowa Ct. App. Jan. 24, 2024) (finding father's conclusory best-interest statement "is not enough to facilitate our review"). Nor did the father identify any "specific factors,

---

[5] The fourth element of Iowa Code section 232.116(1)(h) requires clear and convincing evidence "that the child[ren] cannot be returned to the custody of the child[ren's] parent . . . at the present time." That element is not at issue in section 232.116(1)(g), which requires the State to prove by clear and convincing evidence that, among other things, "the parent continues to lack the ability or willingness to respond to services which would correct the situation" and "an additional period of rehabilitation would not correct the situation." *Id.* § 232.116(1)(g)(3), (4).

conditions, or expected behavioral changes" he intended to make if granted an extension of time. *See* Iowa Code § 232.104(2)(b).

We understand the challenges presented with these expedited appeals where there is often no transcript available to the parties. *See In re J.H.*, 952 N.W.2d 157, 174 (Iowa 2020) (acknowledging the challenges posed for attorneys by the "expedited time deadlines and abbreviated procedures governing termination appeals"). But even in cases of de novo review, a "broad, all encompassing argument is insufficient to identify error." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "It is difficult to imagine a way we can review this appeal without—to one extent or another—undertaking" the parents' research and advocacy for them. *In re E.M.*, No. 24-0642, 2024 WL 3518286, at *3 (Iowa Ct. App. July 24, 2024); *accord Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974). As a result, we summarily affirm both appeals.

**AFFIRMED ON BOTH APPEALS.**